OPINION OF THE COURT
Joseph J. Sedita, J.
The condemnee on this motion is a businessman who is faced with eviction from his business premises. On March 15, 1984 Justice Henry Gossel, J.S.C., ordered the title of the condemnee’s property transferred to the condemnor. Said order was the final step in condemnation proceedings pursuant to the Eminent Domain Procedure Law. On this motion, the condemnee seeks to enjoin an eviction proceeding commenced against him, and a *293 reopening of the proceeding by which title to his business premises was transferred.
The preliminary question raised herein is whether this court has proper jurisdiction to entertain this motion. The court’s attention has been directed to EDPL 208 which states: “Except as expressly set forth in section two hundred seven, and except for review by the court of appeals of an order or judgment of the appellate division of the supreme court as provided for therein, no court of this state shall have jurisdiction to hear and determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article.”
We note that this jurisdictional statute governs “any matter * * * under this article” (emphasis mine). EDPL 208 is part of article 2. Title to the condemnee’s property was transferred in a proceeding commenced under EDPL article 4.
The exclusive jurisdiction provisions of EDPL 208 do not, therefore, apply in this matter. This court has found no other sufficient basis for jurisdictionally precluding this court from considering this matter.
This brings us to the primary issue raised herein. This is whether or not the condemnor has complied with the time requirements for obtaining title to this property pursuant to EDPL article 4. Under EDPL 401 (A) of article 4, proceedings by the condemnor to acquire property must be commenced within three years after the conclusion of the later of.
“(1) publication of its determination and findings pursuant to section two hundred four, or
“(2) the date of the order or completion of the procedure that constitutes the basis of exemption under section two hundred six, or
“(3) entry of the final order or judgment on judicial review pursuant to section two hundred seven of this chapter.”
In March of 1984, the Fourth Department of the Appellate Division (100 AD2d 20) reviewed the proceeding brought pursuant to EDPL article 4 in Special Term of Supreme Court, Erie County. As part of this proceeding, Special Term had ordered a hearing to be held on the issue of whether or not a public use was served by the condemnation as required by the EDPL. On review of Special Term’s order, the Appellate Division held that authority to review the “public use” issue was with the Appellate Division under EDPL 207 and 208. The court stated (pp 26-27): “Whether a public use will be served by the proposed *294 acquisition has, nevertheless, been put in issue by the condemnee’s answer and is a question exclusively for our court to determine (EDPL 207, 208) * * * We can, nevertheless, review it in this appeal on the record before us”.
Although this issue was not brought before it by the usual technical procedural mechanism, the Fourth Department chose to exercise its statutory responsibilities under this statute (EDPL 207).
EDPL 401 (A) (3) provides, as noted above, that the relevant three-year period may run from the “entry of the final order or judgment on judicial review pursuant to section two hundred seven of this chapter” (emphasis mine).
The question now becomes whether or not the Appellate Division’s decision and order were made “pursuant to” these sections even though the matter did not come before them by the usual procedural route.
Webster defines the meaning of the word “pursuant” as “carrying out; following” and defines the phrase “pursuant to” as “following upon; in accordance or compliance with” (Webster’s New Twentieth Century Dictionary [unabridged 2d ed]; other definitions substantially in accord with Webster’s can be found in Black’s Law Dictionary [rev 4th ed]; Ballentine’s Law Dictionary [3d ed]; Words and Phrases [West Pub Co]).
The language of the Appellate Division’s decision makes it very clear that they chose to exercise their statutory responsibilities as set forth in EDPL 207 despite the procedural route by which this matter came before them. Their decision was to uphold the “public use” determination made by the condemnor and to direct that the petition filed under EDPL article 4 be granted.
In making this determination, the Appellate Division expressly followed and conformed their decision to their responsibilities as set forth in EDPL 207 and 208. They made this determination “pursuant to” those statutory responsibilities.
Therefore, our conclusion must be that the operative three-year period under EDPL 401 may run from the entry of the order effectuating this appellate decision. Since this decision was made less than one year ago, the condemnor is clearly within the three-year requirements of EDPL 401 in exercising its rights.
Accordingly, this application is denied.